OCTOBER AND NOVEMBER TERM, 1881, No. 253.

## Straub *versus.* City of Allegheny.

The owner of property, along a street being graded and paved, who petitions the councils of the city against a change from a more expensive to a less expensive grade, admitting that he expects to pay his quota of the cost, and that the road will be a local benefit to him by making the markets easy of access and convenient, is estopped from making defence to a municipal claim for the expenses upon the ground that it is not the subject of local assessment.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny County.*

*Scire facias* by the City of Allegheny against John N. Straub, *sur* municipal claim for grading and paving, for the sum of $163 and costs, filed November 24th, 1880, against certain real estate of the defendant.

By an act of Assembly, approved May 10th, 1871, it was enacted " that the councils of the city of Allegheny may

grade, pave, and set with curbstones Troy Hill Road from Vinial Street to Gardiner Street," and that "the said councils may appoint three disinterested freeholders of said city as viewers, whose duty it shall be to assess and apportion the said cost and expenses upon all property in said city and Reserve Township, which they shall deem benefited thereby."

By an act of Assembly, approved April 4th, 1872, that part of Reserve Township which included the lands owned by the defendant was annexed to the city of Allegheny.

An ordinance providing for the improvement was passed by the city councils, November 27th, 1872, and work upon the street was commenced in the spring of 1873, and completed November, 1874.

In August, 1873, the defendant and others presented to councils the following petition:

"The petition of the subscribers, property-holders on Troy Hill, in the Seventh and Eighth wards of the city of Allegheny, respectfully showeth, that whereas they have received information that a petition would be presented to your honorable bodies, asking for a change of grade on Troy Hill Road, from seven feet to the hundred, as now established, to eight feet; and whereas, your petitioners live on the plateau of Troy Hill, and will be expected to pay their quota toward the cost of grading and paving said road, and are therefore entitled to a voice in the matter of a change of grade; and whereas, your petitioners also believe that the proposed change of grade would not be of so great a benefit to them as would entitle them in justice or equity to contribute toward the cost of making said road, for the reason that the only benefit they can possibly derive from said road when finished, will be, that with a grade of seven feet a street-car line will be practicable in so far as to make it pay, and thus render the business-part of the city and the markets easy of access and convenient to your petitioners; and whereas, a large portion of the road has already been graded, and the filling up thereof would be the means of destroying the road-bed as well as of great expense to the city, and believing, also, that a change of grade would be benefiting but a few to the damage of the many, and also in a great measure detracting from the glory of the enterprising and public-spirited councils of 1872 and 1873, to whom this road will be a lasting monument, it being, in fact, the greatest enterprise as yet undertaken for the benefit of the great public of our enterprising city. Now, therefore, your petitioners would respectfully remonstrate against any change of grade for said Troy Hill Road.

[Straub *v.* City of Allegheny.]

from that now established, for the reasons hereinbefore set forth ; and your petitioners will ever pray."

Upon the trial in the Court below, before KIRKPATRICK, J., the defendant offered evidence to prove that the main portion of the property abutting upon that street was unfit for building purposes, and that the improvement was mainly a mere roadway connecting two districts of the city, for the purpose of showing that it was for general and not local benefit.

The evidence was rejected under exception. ·

He also offered to prove that the property assessed was used for farming purposes, in order to show that it was rural, and not the subject of local assessment.

The testimony was rejected under exceptions.

The defendant asked the Court to charge that it appearing from the testimony that the property, at the time of the adoption of the acts of Assembly, was in Reserve Township, and not under the jurisdiction of the city, the assessments were unauthorized.

The Court declined the point, and directed a verdict for the plaintiff.

· May 25th, 1881, verdict for plaintiff, $231.46, upon which judgment was entered.

Plaintiff then took a writ of error, assigning as errors, the rejection of the evidence as above, and the refusal of defendant's points.

*Slagle* and *Wiley* for plaintiff in error.

Defendant was not estopped by his remonstrance. It shows that the work was of a general and not a local character.

To constitute an equitable estoppel, it must appear that the party had made an admission clearly inconsistent with the evidence he proposes to give, that the other party has acted upon the admission, and that he will be injured by allowing the truth of the admission to be disproved. One is only estopped from alleging the truth when his assertion of a falsehood or silence has been the inducement to action by the party, which would result in loss but for the estoppel : Patterson *v.* Lytle, 11 Pa. St., 53 ; Musser *v.* Oliver, 21 Pa. St., 362 ; Reel *v.* Elder, 62 Pa. St., 308.

The acts of a party done in ignorance of his rights will not operate as an estoppel, unless others have acquired rights on the faith of them: Newman *v.* Edwards, 34 Pa. St., 32 ; Duncan's Appeals, 43 Pa. St., 67.

These rules are distinctly recognized by the case of Bidwell *v.* Pittsburgh, 85 Pa. St., 417,

[Guffey v. Harding.]

W. B. Rodgers, city solicitor, for defendant in error.

An estoppel may as well arise by acts done during the progress of a matter as by acts before its inception: Graff v. Pittsburgh and S. R.R. Co., 7 Casey, 489; Cumberland Valley R.R. Co. v. McLanahan, 9 P. F. Smith, 23.

When a party has acted upon a particular construction of a contract which has been acquiesced in by the other, the latter is estopped from contesting it as the proper construction: Mercer Mining and Manufacturing Co. v. McKee, 27 P. F. Smith, 170.

NOVEMBER 14TH, 1881.—PER CURIAM: Without entering upon an examination of the several points raised on this record, we think, upon the undisputed evidence, the defendant below was clearly estopped by the petition to the council, in which he united with others, from taking the defence of which he now seeks to avail himself. He admitted in that petition that he expected to pay his quota towards the cost of grading and paving, and that the road would be a local benefit to him by making "the markets easy of access and convenient" to him.

Judgment affirmed.